CHALOS & CO, P.C.
*Attorneys for Plaintiff*
Melissa Patzelt-Russo
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone: (516) 714-4300

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------------------X

DIAMOND SHIPBROKERS

                    Plaintiff,

-against-

SAFESEA GROUP LLC

                    Defendant

CASE NO.:

VERIFIED COMPLAINT

-------------------------------------------------------------------X

      Plaintiff, DIAMOND SHIPBROKERS (hereinafter "DIAMOND" or "Plaintiff") by and through its attorneys, Chalos & Co, P.C., files its Complaint against SAFESEA GROUP LLC (hereinafter "SAFESEA" or "Defendant" and alleges upon information and belief as follows:

## PARTIES

      1.      At all times material hereto, Plaintiff, DIAMOND, was and still is a foreign business corporation with its principal place of business located at 101/102, Technopolis Kowledge Park, Mahakali Caves Road, Shakala, Andheri €, Mumbai 40093 India.

      2.      Upon information and belief, at all times material hereto, Defendant, SAFESEA, was and still is a domestic limited liability company operating under the laws of the State of New Jersey with its principal place of business located at 371 Hoes Lane, Suite 204, Piscataway, New Jersey 08854.

## JURISDICTION

3.      The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

4.      The Court has jurisdiction over the Defendant because the Defendant transacts business in the State of New Jersey and more specifically within this judicial district.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (c).

## FACTS

6.      At all times relevant hereto, Plaintiff, Diamond, was (and is) a maritime services provider that offers, *inter alia,* ship broking and commercial management services throughout the world.

7.      Upon information and belief, at all times material hereto, Defendant, SAFESEA, was the disponent owner and/or operator and/or commercial manager of the M/V PAVO BRIGHT, IMP 9806768.

8.      On or about November 12, 2018, DIAMOND worked as broker to fix the M/V PAVO BRIGHT on a voyage at the direction and on behalf of Defendant, SAFESEA.

9.      DIAMOND successfully located a charterer for Defendant, SAFESEA, and the Charter Party Fixture Note (hereinafter the "Fixture Note") organized and arranged by DIAMOND finalized between the Defendant, as owner, and Vedanta Limited GOA India, as Charterer.  The Fixture Note was memorized in writing among the parties. *A copy of the fixture note is attached hereto as Exhibit A.*

10.     As part of the Fixture Note, Clause 11 (2), entitled "Payment Terms," states in pertinent part that"…1,25 pct Brokerage to Diamond Shipbrokers on FDD to be paid directly by Owners." *See Exhibit A*.  As required by this Clause, DIAMOND is entitled to commission for their work in fixing the Vessel.

11.     Shortly after conclusion of the voyage, DIAMOND issued invoice 27GENIN181100835 to Safesa for the 1.25 % address commission due and owing to Diamond for fixing of the Vessel totaling USD 13,149.69.  *A copy of this invoice is attached hereto as Exhibit B.*

12.     At present, no less than USD 13,149.69 remains due and owing to DIAMOND.

13.     Despite DIAMOND having earned the commission as outlined by the Fixture Note, the Defendant has failed, neglected and/or otherwise refused to pay the balance of USD 13,149.69 due and owing to DIAMOND.

## FIRST CAUSE OF ACTION

### *BREACH OF CONTRACT*

14.     Plaintiff DIAMOND repeats and re-alleges each and every allegation set forth in paragraphs one (1) through thirteen (13) as if set forth herein at length.

15.     At the request of the Defendant, Plaintiff DIAMOND undertook to locate a charterer to utilize its vessel, the M/V PAVO BRIGHT.

16.     Plaintiff DIAMOND secured a charterer and a Fixture Note was executed for the voyage.

17.     DIAMOND provided the agreed upon services to Defendant SAFESEA at the agreed upon rate of 1.25 % of the fees collected from the voyage.

18.     DIAMOND timely provided invoices to the Defendant for payment of the commission due and owing.

19.     The Defendant received the benefit of DIAMONDS' services and received the invoice presented.

20.     Despite repeated request for payment by DIAMOND, Defendant has refused, neglected and/or otherwise failed to pay for the charges incurred in breach of the parties' agreement.

21.     As a result of Defendant's failure to honor their obligations, Plaintiff has suffered damages in an amount of at least USD 13,149.68.

22.     Accordingly, DIAMOND is entitled to judgment for the outstanding amount of no less than USD 13,149.68, plus prejudgment interest and costs, as well as any further relief this Honorable Court deems just and proper under the circumstances.

## SECOND CAUSE OF ACTION

### *ACCOUNT STATED*

23.     Plaintiff DIAMOND repeats and re-alleges each and every allegation set forth in paragraphs one (1) through twenty-two (22) as if set forth herein at length.

24.     Following the conclusion of the M/V PAVO BRIGHT'S voyage, DIAMOND promptly issued an invoice to Defendant, SAFESEA for the commission due and owing under the Fixture Note.

25.     The invoice reflected the commission due to DIAMOND under the Fixture Note totaling USD 13,149.68.  *See Exhibit B*

26.     Defendant retained this invoice without objection.

27.     More than a reasonable time has elapsed since the invoice was provided to the Defendant.

28.     Despite repeated demands for payment, the Defendant have refused, neglected, and/or otherwise failed to timely remit payment for the outstanding amount due to DIAMOND.

29.     Accordingly, DIAMOND is entitled to judgment in an amount of no less than USD 13,149.68, plus prejudgment interest and costs, as well as any further relief this Honorable Court deems just and proper under the circumstances.

### THIRD CAUSE OF ACTION

### *UNJUST ENRICHMENT/QUANTUM MERUIT*

30.     Plaintiff DIAMOND repeats and re-alleges each and every allegation set forth in paragraphs one (1) through twenty-nine (29) as if set forth herein at length.

31.     At the request of the Defendant, Plaintiff provided necessary brokerage services to the Defendant in order to obtain a charterer for the M/V PAVO BRIGHT.

32.     Despite demands for payment for the commission due and owing to DIAMOND for the work performed on behalf of Defendant to locate a charterer for its Vessel, a balance of USD 13,149.68 remains due and owing to DIAMOND.

33.     The Defendant has inequitably benefited from its neglect, failure, and/or refusal to pay DIAMOND for the commission due and owing for the services rendered to the Defendant.

34.     Defendant has unjustly received and retained the benefit of the services provided by DIAMOND in obtaining a charterer for their Vessel.

35.     Equity and good conscience require Defendant to pay DIAMOND damages in an amount of no less than USD 13,149.68 plus prejudgment interest and costs, as well as any further relief this Honorable Court deems just and proper under the circumstances.

36.     Accordingly, DIAMOND is entitled to judgment for the outstanding amount of no less than USD 13,149.68, plus prejudgment interest and costs, as well as any further relief this Honorable Court deems just and proper under the circumstances.

## FOURTH CAUSE OF ACTION

### *Attorneys' Fees*

37.     Plaintiff DIAMOND repeats and re-alleges each and every allegation set forth in paragraphs one (1) through thirty-six (36) as if set forth herein at length.

38.     As a direct result of Defendants failure to remit payment for the outstanding amount of USD 13,149.68 which remains due and owning, Plaintiff has suffered actual damages and been required to retain the services of an attorney to bring this action.

39.     Accordingly, Plaintiff seeks reasonable and necessary attorneys' fees and costs incurred in the preparation and prosecution of this action, as well as reasonable fees for any and all appeals to other courts.

**WHEREFORE,** Plaintiff prays:

A.  That process in due form of law, according to the practices of this Honorable Court be issued against Defendant and said Defendant be cited to appear and answer under oath the allegations alleged in this Verified Complaint;

B.  That judgment may be entered in favor of Plaintiff against Defendant on its First Cause of Action (Breach of Contract) for the amount of Plaintiff's damages, together with interest, costs, and disbursements of this action; and

C.  That judgment may be entered in favor of Plaintiff against Defendant on its Second Cause of Action (Account Stated) for the amount of Plaintiff's damages, together with interest, costs, and disbursements of this action; and

D.  That judgment may be entered in favor of Plaintiff against Defendant on its Third Cause of Action (Unjust Enrichment/Quantum Meruit) for the amount of Plaintiff's damages, together with interest, costs, and disbursements of this action; and

E. That judgment may be entered in favor of Plaintiff against Defendant on its Fourth Cause of Action (Attorneys' Fees) for reasonable attorneys' fees as permitted by law; and

F. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing any judgment which may be obtained; and

G. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: January 2, 2020
      Oyster Bay New York

                                            Respectfully submitted,

                                            CHALOS & CO, P.C.

                              By:     /s/ Melissa Patzelt-Russo
                                      Melissa Patzelt-Russo, Esq. (MR-8150)
                                      NJ State Bar ID:  022572010
                                      55 Hamilton Avenue
                                      Oyster Bay, New York 11771
                                      Tel:  (516) 714-4300
                                      Fax:  (516) 750-9051
                                      E-mail: mrusso@chaloslaw.com
                                      Chalos & Co, Ref: 2001.150

                                      *Attorneys for Plaintiff, Diamond Shipbrokers*

Of Counsel

Chalos & Co, P.C.
George M. Chalos
*Pro Hac Vice forthcoming*
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel:  (516) 714-4300
Fax:  (516) 750-9051
E-mail:  gmc@chaloslaw.com