UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIAMOND SHIPBROKERS, *Plaintiff*, v. SAFESEA GROUP LLC, *Defendant*. | Civil No.: 20-cv-00001 (KSH) (CLW)  **ORDER** |

**THIS MATTER** having been opened to the Court on the motion (D.E. 7) of plaintiff Diamond Shipbrokers for default judgment against defendant Safesea Group LLC; and

It appearing that the summons and complaint were duly served on defendant, and it further appearing that default was previously entered against defendant for its failure to plead or otherwise defend in this action; and

The Court, upon consideration of the moving papers, having concluded that plaintiff has stated a claim for relief for either breach of contract or unjust enrichment or, alternatively, for an account stated based on the invoice to defendant,[1] and that the *Emcasco* factors[2] warrant the relief sought: namely, no meritorious defense is apparent from the record, plaintiff has been prejudiced insofar as defendant's failure to appear or file any response to the complaint has prevented plaintiff from prosecuting this action and thus from receiving any recovery for services it rendered and for which it remains uncompensated, and no evidence other than

---

[1] Plaintiff does not seek recovery on count four, for attorneys' fees, and it cannot simultaneously recover on both the breach of contract and unjust enrichment claims. *See Kumon N. Am., Inc. v. Timban*, 2014 WL 2812122, at *9-10 (D.N.J. June 23, 2014).
[2] *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

defendant's willful negligence in responding to the action is apparent from the record, evincing its culpability in the default; and

The Court having further concluded that the record supports the principal amount of damages plaintiff seeks, specifically, $13,149.68;[3] and

The Court having concluded that the amount of prejudgment interest plaintiff has sought is insufficiently supported in the record and/or is incorrectly calculated, and as such will not be awarded herein; and

Plaintiff having sought in this motion recovery for its costs for filing this action and for service of process, which amounts are more appropriately sought after entry of judgment via application to the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.N.J. L. Civ. R. 54.1, and, as such, are not included in this order and the accompanying judgment; and

No opposition to plaintiff's motion having been filed,

**NOW, THEREFORE,**

**IT IS,** on this 7th day of December, 2020,

**ORDERED** that plaintiff's motion for default judgment (D.E. 7) is GRANTED, and it is further

**ORDERED** that plaintiff shall recover from defendant the sum of $13,149.68, and it is further

**ORDERED** that the Clerk of the Court shall close this case.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J

---

[3] The complaint and moving papers interchangeably use $13,149.68 and $13,149.69; in accordance with the documentary evidence, *i.e.*, the invoice, the Court uses the first number.